Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing judgment in favor of defendants-respondents. The action was to foreclose mechanics' liens. The Appellate Division held that the plaintiff's liens were invalid for the reason that the notices did not state the labor performed or material furnished at the time of filing such liens and the agreed price or value thereof.

*William Scott, 2d,* for appellant.

*William L. Rumsey* and *Francis A. Griffen* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

PENNRICH & COMPANY, INCORPORATED, Appellant, *v.* JUNIATA HOSIERY MILLS, INCORPORATED, Respondent.

*Jurisdiction — process — service — jurisdiction of foreign corporation not obtained by service of process on sales representative at office maintained in this State.*

Pennrich & Co., Inc., v. Juniata Hosiery Mills, Inc., 220 App. Div. 763, affirmed.

(Submitted February 17, 1928; decided March 27, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 27, 1927, which reversed an order of Special Term denying a motion to vacate service of the summons in the above-entitled action upon the grounds that defendant was not doing business within this State nor was the person served its managing agent. Defendant is a foreign corporation having its office and mill in Pennsylvania. Prior to August 16, 1926, Richard J. Nestler was its secretary. On that day he resigned and his successor was elected. Thereafter he came to New York city as sales representative of defendant. His duties were to solicit and receive orders for mer-

chandise subject to acceptance or refusal by defendant at its office in Pennsylvania. He maintained an office on the door of which was the name of defendant. Its name was also listed in the telephone directory and in the directory of tenants of the building. As late as November, 1926, the defendant's letter heads carried the notation " New York Office, 366 Broadway." The summons herein was served upon Nestler at this address in December, 1926. The following questions were certified: " 1. Were the duties of and the authority conferred upon Richard J. Nestler such as to constitute him a managing agent of the defendant corporation within the meaning of subdivision 3 of section 229 of the Civil Practice Act? 2. Did the Supreme Court of the State of New York obtain jurisdiction of Juniata Hosiery Mills, Incorporated, by service of the summons herein upon said Richard J. Nestler within the State of New York? "

*Maurice M. Cohn* for appellant.

*Emerson F. Davis* and *Daniel S. Murphy* for respondent.

Order affirmed, with costs; second question certified answered in the negative; first question not answered; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* DAVID GORDON, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* DAILY WORKER PUBLISHING Co., INC., Appellant.

*Crimes — possessing indecent printed matter — judgments of conviction
affirmed.*

People v. *Gordon*, 222 App. Div. 726, affirmed.
People v. *Daily Worker Pub. Co., Inc.*, 222 App. Div. 726, affirmed.
(Argued February 20, 1928; decided March 27, 1928.)

APPEAL in the first above-entitled action, by permission, from a judgment of the Appellate Division of the Supreme