WALTER P. FICKETT, Respondent, *v.* HIGGINBOTHAM-BAILEY-LOGAN Co., Appellant.

Supreme Court, Appellate Term, First Department, January 29, 1937.

*Parker & Aaron* [*Charles Atkins Baker* of counsel], for the appellant.

*Max Gelles*, for the respondent.

LYDON, J. The action is against a foreign corporation for goods sold and delivered. Defendant, appearing specially, moved on affidavits to vacate the service of process on the ground that the court had not obtained jurisdiction of its person. The motion was denied. An appeal was taken from that order but has not been prosecuted.

Defendant then answered, pleading first, the facts which, as it claimed, showed the court to be without jurisdiction of its person. Under protest expressed in the answer it then pleaded to the merits. On the trial it participated not only by offering proof on the jurisdictional issue but by motions and objections directed to the merits. Counsel stated on the trial that he was appearing and proceeding on the trial because his motion to vacate the service of process had been denied and he would be unable to review the question of jurisdiction in the Federal courts except on an appeal from a judgment.

Judgment went against defendant and it appeals, stipulating that the only question to be raised on the appeal is that of jurisdiction.

Before considering the facts upon which jurisdiction depends we must first decide whether the question can properly be raised. Plaintiff urges that since defendant answered to the merits and participated in the trial of issues going to the merits, it was precluded from raising the question of jurisdiction of its person. But the contrary view seems to be established by decision of the highest authority and has been frequently expressed, in passing, by judges of great eminence.

Having appeared specially and moved to vacate the service, and that motion having been denied, defendant was at liberty to answer setting up the same objection to the jurisdiction, and then answering to the merits. A general appearance, under such circumstances, coupled with a reiteration of the objections to the jurisdiction, did not estop defendant. And having the right to answer to the merits, without abandoning its claim of lack of jurisdiction, of course it equally had the right to litigate the merits without waiving the jurisdictional question. (*Jones* v. *Jones*, 108 N. Y. 415, 425; *Muslusky* v. *Lehigh Valley Coal Co.*, 225 id. 584, 587; *Finsilver, Still & Moss, Inc.*, v. *Goldberg*, 253 id. 382, 391; *Harkness* v. *Hyde*, 98 U. S. 476; *Southern Pacific Co.* v. *Denton*, 146 id. 202; *Hassler, Inc.*, v. *Shaw*, 271 id. 195.) Nothing to the contrary was decided in *Henderson* v. *Henderson* (247 N. Y. 428).

We come, then, to the question whether defendant was doing business in the State to an extent sufficient for us to say that the corporation had brought itself within our borders and so subjected itself to the jurisdiction of our courts. If so, the further question is raised whether the person on whom process was served was a managing agent within the meaning of section 229 of the Civil Practice Act.

Defendant is a corporation of the State of Texas and its home is in the city of Dallas in that State. It is engaged in the sale

of textiles in the southwestern part of the United States. It manufactures some goods but purchases the greater part of them. Most of its purchases are made in the State of New York. In the ordinary course of its business it sells no goods in this State, though it has done so on one or two isolated occasions. It maintains a small office here in which it employs three men and a stenographer. Its purchases are often made by buyers who come here from Dallas, but a large part of its buying is done in Texas. The corporation keeps no bank account here in its own name, though a small account is maintained in the name of one of its New York employees, from which small disbursements are made. The goods purchased here are paid for by checks sent from Dallas and the New York employees, except the stenographer, are similarly paid. The duties of the New York employees are, in the main, purely clerical though they do give some assistance to the buyers when the latter come to New York. One of the employees was served with the summons in this action.

Upon these facts we are of the opinion that the corporation cannot properly be said to have so brought itself within the State as to subject itself to the jurisdiction of our courts. (*Green* v. *Chicago, etc., R. Co.*, 205 U. S. 530.) It would be unfortunate if the law compelled us to hold that a foreign corporation could not purchase goods in New York in the manner in which it was done here except at the peril of subjecting itself to lawsuits in a jurisdiction distant from its own domicile. We do not think that the decisions, which are too numerous to be reviewed here, require us so to hold.

But, however that may be, it seems perfectly clear that the employee here served was not a managing agent of the corporation within the meaning of the statute. We have so held in a somewhat similar case (*Metropolitan Bank* v. *Baker*, 178 N. Y. Supp. 140).

It follows that the City Court did not obtain jurisdiction of defendant, and for that reason the judgment should be reversed, with costs, and judgment directed for defendant dismissing the complaint, with costs, without prejudice to an action in the proper jurisdiction.

Judgment and order reversed, with costs, and judgment directed for defendant dismissing the complaint, with costs, without prejudice to an action in the proper jurisdiction.

CALLAHAN, J., concurs; LEVY, J., concurs solely on the ground that the person served with the process was not a managing agent within the contemplation of the statute.