MEINHARD, GREEFF & CO., INC., Appellant, *v.* HIGGINBOTHAM-BAILEY-LOGAN CO., Respondent.

First Department, June 18, 1941.

*George Lion Cohen* of counsel [*Arthur Leff* with him on the brief], for the appellant.

*Charles Adkins Baker* of counsel [*Parker & Aaron*, attorneys], for the respondent, appearing specially.

O'MALLEY, J. Two questions are presented: (1) At the time of the service of the process herein, was the defendant, a foreign corporation, doing business in the State to an extent making it amenable to service; and (2) was the person upon whom service was effected a managing agent or cashier within the meaning of section 229 of the Civil Practice Act?

The same questions were raised and presented by the defendant when sued by another party in the City Court. That action resulted in a verdict and judgment in favor of the plaintiff therein. On appeal to the Appellate Term, First Department, the judgment was reversed, two justices holding that the defendant on facts almost identical with those here presented, was not doing business within this State and that the party upon whom process had been served was not a managing agent. The third justice concurred in the result on the latter ground only (*Fickett* v. *Higginbotham-Bailey-Logan Co.*, 162 Misc. 18). No appeal was taken from that determination which, of course, is not binding on this court. We, therefore, may consider the question *de novo*.

Defendant is a foreign corporation with its principal place of business in Dallas, Tex. It is engaged in the business of wholesaling dry goods, principally textiles. Its market is almost exclusively in the south and west. It keeps no stock in this State nor does it employ any person to make sales here.

However, for some twenty years it has maintained a purchasing office in New York city and, at the time this action was instituted, concededly had four employees working there. According to the affidavit of Joseph M. Bailey, the party on whom service was effected, he and two of the employees are buyers. The fourth is an office stenographer and telephone operator. Bailey has neither supervision nor authority over the other two buyers nor either of them over him. All three have equal supervision and authority over the stenographer. The three buyers report solely to a superior at Dallas. No books of account of the corporation are kept here and all expenses, including the salaries of the four employees, are paid directly from the Dallas office.

The buyers receive instructions from Dallas to buy stated quantities of particularly specified goods at a fixed maximum price. They attempt to buy at a better price, if possible. The goods purchased in this jurisdiction are shipped by the sellers or mills either to Dallas or to some other southern point and are paid for directly by the Dallas office.

Plaintiff is a factor assignee of a manufacturer from whom goods were purchased by defendant in this State through the Dallas office. The New York office had no connection with the purchase.

Plaintiff has shown, principally from the testimony of Bailey in the case of *Fickett* v. *Higginbotham-Bailey-Logan Co.* (*supra*), that a large proportion of defendant's purchases are made in this State and that for upwards of twenty years there has been a continuity of such purchases. It shows also that samples of goods received from sellers are kept at the defendant's New York office, which is used exclusively by the defendant. Records respecting the New York office's buying operations are also kept there.

A bank account is maintained in New York city in the name of Bailey out of which he meets certain incidental expenses for the operation of its business, being reimbursed monthly from Dallas. It is subject to his sole control, the other two salesmen not being shown to have any authority to deal with it in any manner.

The outer door of the office bears the name of the defendant over the words " DALLAS, TEXAS." The corporate name appears upon the building directory and is listed in the telephone directory. Defendant's letterheads expressly refer to the New York office and the latter has its own stationery which sets forth its New York address and telephone number. The New York employees keep a check on prices and market conditions and furnish information to the Dallas office.

Testimony in the *Fickett* case shows that orders from Dallas are first sent to the New York office for a check-up of prices and are finally released by it. The office is also used as headquarters for such representatives of defendant as come into this State, and sellers also call there. The arrival of buyers regularly stationed at Dallas, but who come to New York on defendant's business, is advertised in the New York trade papers by the New York office. Orders placed by it are closed in New York city as well as are those placed by visiting buyers when here. It is alleged that, while it cannot be proved that Bailey at any time was an officer of defendant, he is related to a family which controls it. Furthermore, it appears that the regular order forms used by defendant, including the orders involved in this suit, not only refer to New York but have set forth in bold type:

" IMPORTANT: MAIL DUPLICATE INVOICES TO
NEW YORK OFFICE 40 WORTH."

Plaintiff claims that in defendant's brief in the Appellate Term in the *Fickett* case the contention was made (without a concession, however) that, if anybody was managing agent in the office, it was Bailey and not the party served in that action.

The rules determinative of the situation here presented are clear, but their application is at times difficult. As stated in *International*

*Harvester Co.* v. *Kentucky* (234 U. S. 579), each case must depend upon its own facts (p. 583); and though the business transacted may be entirely interstate, the presence of a corporation within a jurisdiction is shown when it appears that the corporation is carrying on business in such a sense as to manifest its presence (p. 589).

In *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259) it was stated (p. 267): " We are to say, not whether the business is such that the corporation may be prevented from being here, but whether its business is such that it *is* here. If in fact it is here, * * * not occasionally or casually, but with a fair measure of permanence and continuity, then, whether its business is interstate or local, it is within the jurisdiction of our courts."

It was further stated that jurisdiction would not fall because the cause of action sued upon had no relation in its origin to the business transacted here (p. 268); and as to the authority of the agent on whom service might be effected: " If the persons named are true agents, and if their positions are such as to lead to a just presumption that notice to them will be notice to the principal, the corporation must submit [citing cases]."

Applying these general principles to the particular facts here, we have concluded that defendant corporation was doing business in this State and that Bailey was a managing agent within the purview of section 229 of the Civil Practice Act. Defendant corporation is in the wholesaling business. Its two functions are to buy and sell. Certainly, the buying part of the business is as important as the selling. A good purchase is a fair start to a good sale upon which, of course, defendant's profits depend.

This view of the effect of buying, as distinguished from selling, has already been taken by the Appellate Division in this department (*Fleischmann Construction Co.* v. *Blauner's*, 190 App. Div. 95) and also in the Fourth Department (*National Furniture Co.* v. *Spiegelman & Co., Inc.*, 198 App. Div. 672). These cases were not referred to by the Appellate Term in its decision in the *Fickett* case (*supra*).

Besides lower court State cases, there are Federal cases holding to the same effect (*Meade Fibre Co.* v. *Varn*, 3 F. [2d] 520; *Hunau* v. *Northern Region Supply Corp.*, 262 Fed. 181). It must be conceded, however, that there are other lower court State cases and Federal cases which take a contrary view.

In the particular circumstances here presented, we are of opinion that defendant corporation was doing business in the State; and that Bailey, upon whom service of process was effected, was a managing agent or cashier within the purview of section 229 of the Civil Practice Act. He had more power than the other two buyers

in the New York office. He had control of the bank account which was in his own name and was used for office expenses, incidental though they might be. The corporation being here, service may not be thwarted by the assertion that there was no agent here upon whom service could be effected.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to vacate and set aside the service denied, with leave to the defendant to answer or otherwise plead or move within ten days after service of a copy with notice of entry of the order to be entered herein, on payment of said costs.

MARTIN, TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, with leave to the defendant to answer or otherwise plead or move within ten days after service of order on payment of said costs.