William B. Groat, J.
Motion by defendant to set aside and vacate the service of the summons and complaint herein on the grounds (a) that the defendant, a foreign corporation, was not doing business within the State of New York and (b) that the defendant was not served with process herein in that Carolyn Lawrence, the person served with process, was not one upon whom such service could properly be made under section 229 of the Civil Practice Act.
The defendant is a Rhode Island corporation which has not filed a qualifying certificate in New York under the General Corporation Law. It is a wholly owned subsidiary of Hassenfeld Bros., Inc., also a Rhode Island corporation. The business of both consists of the manufacture and sale of toys. While the manufacturing is not done in New York, the defendant maintains an office at 200 Fifth Avenue, Borough of Manhattan, where its products are on display and where orders for its merchandise are taken. The defendant is listed in the Manhattan telephone directory; its name appears on the door; and its stationery lists two addresses, one in Pawtucket, Rhode Island, and the other in New York City. The legend “New York Office — 200 Fifth Avenue, N. Y.” appears on defendant’s letterhead.
The defendant contends that the rent, telephone bills, and compensation of Carolyn Lawrence, who plaintiff states is the managing agent of the defendant, are paid for by the parent corporation. The defendant also states that one Al Ungar *235 is in charge of sales of the defendant; that he is an independent contractor whose compensation is paid by the defendant on a commission basis for all eastern sales, and that the other salesmen employed at the New York address are employees of Ungar who also pays rent for the New York office to the parent and part of Carolyn Lawrence’s salary.
The plaintiff contends that Carolyn Lawrence is employed by the defendant, takes and processes orders at the New York office by phone and in person, and forwards the orders to the Rhode Island office for filling. Plaintiff also contends that Carolyn Lawrence shows the merchandise on display at the New York office to prospective buyers and that she is managing agent for the defendant in New York.
The court is of the opinion that the activities of the defendant in this State are carried on with sufficient permanence, continuity, and regularity to constitute doing business within New York. (Meinhard, Greef & Co. v. Higginbotham-Bailey-Logan Co., 262 App. Div. 122; Cunningham v. Mellin’s Food Co., 121 Misc. 353.) The fact that the defendant may not have filed a qualifying certificate under the General Corporation Law is not conclusive, for even though a corporation’s activities may not be sufficient to qualify within the meaning of the General Corporation Law they are sufficient to permit service of the summons upon it. (Pittsburg & Shawmut Coal Co. v. State of New York, 118 Misc. 50.)
It is not entirely clear, however, that the duties of Carolyn Lawrence, upon whom service was made, are such that she may be regarded as the defendant’s managing agent here.
Accordingly, that issue is referred to an Official Referee to take proof and report as to whether Carolyn Lawrence was a person upon whom binding service upon defendant could be made under the provisions of section 229 of the Civil Practice Act.
Pending the coming of the report of the Official Referee, the decision upon this motion will be held in abeyance.
Submit order.