■ RUTH MEYERSON, Respondent, v. MORRIS MEYERSON, Appellant.— In an action for a separation, the appeal is from an order awarding respondent $45 a week alimony *pendente lite* and $400 counsel fees. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ JOHN NEU, Respondent, v. TEEN TIME, INC., Appellant.— Appeal from so much of a resettled order as denied a motion to vacate the service of the summons and complaint on appellant, a foreign corporation, on the ground that it was not "doing business" here. Resettled order modified by striking therefrom everything beginning with the word "denied" in the second ordering paragraph and ending with the words "the Official Referee" and by substituting therefor the word "granted". As so modified, resettled order insofar as appealed from affirmed, without costs. In our opinion, appellant was not "doing business" in this State (*Miller* v. *Surf Props.*, 4 N Y 2d 475; *Pennrich & Co.* v. *Juniata Hosiery Mills*, 247 N. Y. 592; *Hamlin* v. *Barrett & Co.*, 246 N. Y. 554). Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur. [18 Misc 2d 234.]

■ PAT CAR CORP., Respondent, v. DAVID I. MICHAELSON, Appellant, et al., Defendants.— In an action to foreclose a mortgage on real property, the appeal is from a judgment directing foreclosure of the mortgage and sale of the property. Judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Ughetta and Kleinfeld, JJ.; Beldock, J., not voting.

■ MARIA RIZZI, Respondent, v. LEO SUSSMAN, Appellant.— In an action by a vendor for specific performance of a contract for the sale of a parcel of real property, the appeal is from an order granting a motion for summary judgment striking out the answer (Rules Civ. Prac., rule 113). Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, the affidavit of appellant in opposition to the motion indicates the existence of a triable issue of fact as to whether he was induced to enter into the contract by a false representation that the condition of the premises in question was "excellent in every respect". Fraud, if found to exist, will vitiate the contract, despite the provisions in the contract that all understandings and agreements between the parties are merged in the contract, that the contract is full and complete, that a full investigation had been made, that there was no reliance on any representation not embodied in the agreement, and that appellant had inspected the property and was thoroughly acquainted with its condition (*Benitez* v. *Martinez*, 1 A D 2d 959; *Anides* v. *Kahar Realty Corp.*, 283 App. Div. 822; *Hellinger* v. *Abeles*, 283 App. Div. 726; *Laczko* v. *Bear Ridge Lake Corp.*, 280 App. Div. 813; *Massler* v. *Smit*, 279 App. Div. 941). The contention that a fraud was perpetrated must be considered on a motion for summary judgment, even though it has not been pleaded in the answer to the complaint (*Curry* v. *Mackenzie*, 239 N. Y. 267, 272). Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.