■ EMELENE RUSSO, an Infant, by THOMAS RUSSO, Her Guardian ad Litem, et al., Respondents, v. WILLIAM OLESCHUK, Appellant.— In a negligence action by the infant plaintiff to recover damages for personal injuries, and by the adult plaintiff (her father) to recover damages for his loss of services and medical expenses, defendant appeals from an order of the Supreme Court, Kings County, dated April 10, 1962, which granted plaintiffs' motion for summary judgment and directed an assessment of the damages (Rules Civ. Prac., rule 113). Order reversed, with $10 costs and disbursements, and motion for summary judgment denied. The accident occurred when the defendant's automobile, in which the infant was a passenger, struck a curb while it was making a left turn, and apparently went out of control. In our opinion the record presents a triable issue of fact as to defendant's negligence in the operation of his automobile; and such issue may not be resolved upon a motion for summary judgment. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur. [33 Misc 2d 412.]

■ SAMUEL SCHINDELHEIM, Respondent, v. NATIONAL CASUALTY COMPANY, Appellant.— In an action by an insured under a professional disability policy issued by defendant, to recover the specified indemnity for a claimed total disability suffered by him, defendant appeals from an order of the Supreme Court, Kings County, dated July 10, 1962, which denied its motion for summary judgment dismissing the complaint (Rules Civ. Prac., rule 113). Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ WAVERLY CHEMICAL CO., INC., Appellant, v. THERMAL RESEARCH & ENGINEERING CORP., Respondent.— In an action to recover damages for breach of warranty, plaintiff appeals from an order of the Supreme Court, Westchester County, made November 14, 1961 by an Official Referee after a hearing which granted the motion of the defendant, a foreign corporation, to vacate the service of the summons upon it on the grounds: (1) that it was not doing business in this State, and (2) that the person upon whom the summons was served was not its managing agent within the meaning of subdivision 3 of section 229 of the Civil Practice Act. Order affirmed, without costs (Miller v. Surf Props., 4 N Y 2d 475; Pennrich & Co. v. Juniata Hosiery Mills, 247 N. Y. 592; Hamlin v. Barrett & Co., 246 N. Y. 554; Ray D. Lillibridge, Inc. v. Johnson Bronze Co., 247 N. Y. 548; Neu v. Teen Time, 9 A D 2d 961). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ JOHN S. EGAN, Respondent, v. CITY OF NEW YORK et al., Defendants, and HARRY HERSHON CO., INC., Defendant and Third-Party Plaintiff. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— On the call of the calendar, appeal withdrawn upon motion of appellant. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND WATTS, Appellant.— Motion by appellant to enlarge time to perfect his appeal, granted; time enlarged to the March 1963 Term; appeal ordered on the calendar for said term. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ (A) THE DIME SAVINGS BANK OF BROOKLYN, Respondent, v. MYRA ONUSCHAK, Appellant, et al., Defendants. (B) ANNA HORN et al., Appellants, v. COLGATE PALMOLIVE Co. et al., Respondents. (C) ROCCO SAMMARTINO et al., Appellants, v. WILLIAM R. MILLER, JR., Respondent.— [In each action] Motion by respondent to dismiss appeal granted, with $10 costs; appeal dismissed. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.