Melvin Pine & Co., Inc., Respondent, *v.* George McConnell et al., as Copartners under the Firm Name of Desmond-Stephan Mfg. Co., Appellants.

Argued May 17, 1948; decided June 4, 1948.

*Edward K. Hanlon* and *Quentin J. De Fazio* for appellants, appearing specially. I. Defendants are nonresident manufacturers, and the activities in this State of the independent manufacturers' representatives, who solicit sales for the defendants and who number the defendants' firm as merely one of the manufacturers represented by them, are not to be construed as the doing of business by the defendants within this State so as to make them amenable to process here. (*Debrey* v. *Hanna*, 182 Misc. 824; *O'Hagan* v. *Caballero*, 52 N. Y. S. 2d 863; *Yeckes-Eichenbaum, Inc.*, v. *McCarthy*, 290 N. Y. 437; *Hamlin* v. *Barrett & Co.*, 246 N. Y. 554; *Pennrich & Co.* v. *Juniata Hosiery Mills, Inc.*, 247 N. Y. 592; *Compania Mexicana* v. *Compania Metropolitana*, 250 N. Y. 203; *Eagle Mfg. Co.* v. *Arkell & Douglas, Inc.*, 197 App. Div. 788, 234 N. Y. 573; *Holzer* v. *Dodge Bros.*, 233 N. Y. 216; *Rubin* v. *Consolidated Royal Chemical Corp.*, 55 N. Y. S. 2d 489; *Wheeler* v. *Dr. Salsbury's Laboratories*, 255 App. Div. 744.) II. The decision of the United States Supreme Court in *International Shoe Co.* v. *State of Washington* (326 U. S. 310) is not pertinent, nor does the general language of the opinion in that case require the Court of Appeals to depart from the well-established principles applicable to the instant situation. In any event, and even under the language of that opinion, the defendants are not present in this jurisdiction.

*Hyman D. Lehrich* for respondent. Defendants have been and are doing business in the State of New York within the meaning of section 229-b of the Civil Practice Act. (*Yeckes-Eichenbaum, Inc.*, v. *McCarthy*, 290 N. Y. 437; *Chaplin* v. *Selznick*, 293 N. Y.

529; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Holzer* v. *Dodge Bros.*, 233 N. Y. 216; *Cochran Box & Mfg. Co.* v. *Monroe Binder Bd. Co.*, 197 App. Div. 221, 232 N. Y. 503; *Society Milion Athena, Inc.*, v. *National Bank of Greece*, 166 Misc. 190, 254 App. Div. 728.)

*Per Curiam.* Personal jurisdiction of defendants was properly obtained by substituted service under section 229-b of the Civil Practice Act. Defendants' local activities amply satisfied the long-recognized test of what constitutes engaging in business, as laid down in the decisions of this court. (See, e.g., *Chaplin* v. *Selznick*, 293 N. Y. 529, 534; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) It is unnecessary, at this time, to say whether and to what extent that test may be relaxed in reliance upon the constitutional principles recently announced by the Supreme Court in *International Shoe Co.* v. *Washington* (326 U. S. 310).

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Order affirmed, etc.