Submit order on notice.

MODERN TRADERS CO., INC., Plaintiff, *v.* REISS ASSOCIATES, INC., Defendant.

Supreme Court, Special Term, New York County, March 29, 1951.

*Goldberg & Kelter* for plaintiff.

*Alexander Henki* for defendant.

EDER, J. This is a motion to confirm the report of the Official Referee and a cross motion to modify such report and to confirm the report as modified.

The original motion was made by the defendant appearing specially to vacate the service of process herein on the ground that this court has no jurisdiction over the person of the defendant corporation, or, in the alternative, that the summons was not served on a proper person in accordance with section 229 of the Civil Practice Act.

The court referred to the Official Referee the issue of the nature and extent of defendant's business in this State and the relations between the defendant and one Harold E. Krassner, the person upon whom the summons was served.

The report of the Official Referee reports the facts in accordance with the testimony.

Krassner is and has been continuously and since April 15, 1950, employed by the defendant, a Massachusetts corporation, as a sales representative, or salesman, in the New York City area and in the State of New Jersey. He is employed on a commission basis and receives each week from the defendant the sum of $250 as a drawing against commissions and out of this sum Krassner pays the rent and all expenses of the office at No. 17 East 40th Street, in this city, as well as the salary of a secretary.

Krassner is not an officer, director or stockholder of the defendant. The testimony shows that Krassner sells no merchandise other than that of the defendant and that his sole business income since his present employment began was the money paid him by the defendant.

It appears further from the testimony that defendant's stationery kept at the office in question contains the words "New York Office, 17 East 40th Street," and that in corresponding with the defendant's main office in Boston, Krassner uses stationery with the heading "Interoffice Correspondence-Reiss Associates, Inc."

It is established by the testimony that Krassner maintains samples of defendant's merchandise at the office in this city, and some of the samples bear a label giving defendant's address as 17 East 40th Street.

The Official Referee reports further that the business of the defendant is the manufacture and sale of laminated plastic sheets sold throughout the United States, and of the volume done throughout the United States, 10% is done in the State of New York.

The testimony discloses that at least $20,000 of merchandise is shipped and delivered continuously by defendant to its customers within the State of New York, and that this business results from orders solicited by Krassner, who receives the order at the New York office and, after retaining copies, forwards them to the defendant's Boston office.

The facts set forth in the report of the Official Referee, particularly when considered with the facts brought out in the

hearings before the Official Referee, are sufficient to bring this defendant within the requirements laid down in the case of *International Shoe Co.* v. *State of Washington* (326 U. S. 310). (See, also, *Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.,* 299 N. Y. 208; *McCaskell Filters* v. *Goslin-Birmingham Mfg. Co.,* 81 N. Y. S. 2d 309, affd. 274 App. Div. 761, and *Melvin Pine & Co.* v. *McConnell,* 64 N. Y. S. 2d 814, affd. 273 App. Div. 218, affd. 298 N. Y. 27.)

The record leaves no doubt that the defendant had at least minimum contacts within this State and that the maintenance of this suit does not offend '' traditional notions of fair play and substantial justice '' (*International Shoe Co.* case, *supra,* p. 316).

Under the circumstances disclosed, service of the summons upon Krassner is proper service upon the defendant.

The motion to confirm is accordingly granted, and defendant's motion to vacate the service and dismiss the action is denied. The alternative relief requested is granted, and the defendant is granted ten days after service of a copy of the order to be entered herein with notice of entry, within which to appear in the action. Settle order.