FLEISCHMANN CONSTRUCTION COMPANY, Respondent, *v.* BLAUNER's, Appellant.

First Department, December 19, 1919.

Corporations — when foreign corporation doing business in this State so as to confer jurisdiction on our courts — maintaining buying force and making customary, regular and systematic purchases — action on contract executed in this State — service of summons and complaint on defendant's president in this State.

A foreign corporation engaged in the retailing of merchandise in another State, and maintaining a buying force within the city of New York for the purpose of procuring goods to be retailed at its store in said foreign State,

whose purchases are not isolated or casual, but are customary, regular and systematic, and whose contracts for goods made in this State are effective at once because made by its sole manager, is engaged in doing business within this State in such a manner as to confer jurisdiction upon our courts over an action brought on a contract executed by the defendant's president in this State, to recover for work done in defendant's premises in said foreign State, and the service of the summons and complaint on its president at his place of business in the city of New York is good.

APPEAL by the defendant, Blauner's, from an order of the Supreme Court, made at the New York Special Term, as resettled by an order of said court, entered in the office of the clerk of the county of New York on the 1st day of July, 1919, confirming the report of a referee finding that the defendant, a foreign corporation, is doing business in the State of New York.

*Jacob R. Schiff* of counsel [*Samuel W. Dorfman* with him on the brief; *Morrison & Schiff,* attorneys], for the appellant.

*William F. Kimber,* for the respondent.

DOWLING, J.:

Defendant is a foreign corporation, organized under the laws of the State of Pennsylvania, conducting a retail department store at Nos. 833–835 Market street, Philadelphia, Penn. It deals in ready-to-wear clothing for ladies, misses and children, and also in hoisery, gloves, underwear and millinery. It does no manufacturing, but buys the goods it sells to its customers. It has no office in New York city. Service of the summons and complaint herein was made on Julius Blauner, president of defendant, at his place of business in the city of New York, where the copartnership of which he is a member manufactures cloaks and suits. The copartnership sells manufactured goods to the defendant. Eli M. Simon is a resident buyer for seventeen out-of-town houses, among them the defendant, from which he receives a salary to represent it as a resident buyer in the city and State of New York. His duty is " to go around the market and see where the best possible merchandise can be found and located in the city and also jobs for sale purposes." He does not buy for defendant and never did; he simply looks

up available merchandise (regular, sale and job) and notifies defendant of what there is that can be bought, and the prices. He is continually on the lookout for merchandise for his employers and when the buyers are coming to New York he is notified by telegram of the prospective arrival and their needs for goods, and he is prepared to give them the information as to the market when they arrive.

Harry Blauner is the secretary, treasurer and general manager of defendant, having complete charge of its affairs, signing all contracts and in sole charge of buying all merchandise therefor. The contract on which this suit is brought, which is to recover for work done in defendant's premises in Philadelphia, was signed by Blauner for defendant in the city of New York, and he with two others signed a guaranty of said contract at the same time and place. Blauner has fifteen buyers under his supervision, and Simon reports directly to him, as well as to the buyers. Blauner and these fifteen buyers come to New York city every week, usually in the middle thereof. Blauner stays in New York city each week from one to four days, engaged in buying goods for defendant. Sometimes the goods are bought " just off the rack and they are shipped off the same day; " sometimes they are ordered to be manufactured and delivered in the future. The buyers at times give orders for goods. Blauner was unable to tell even approximately the amount of goods bought by him for defendant in New York city, but said, " it amounts to many thousands of dollars."

Upon the record, I am satisfied that the defendant is doing business within the State of New York in such a manner as to confer jurisdiction upon the courts of this State over it. While defendant's business is that of selling merchandise to the public, it cannot pursue that business unless it has merchandise to sell. It does not manufacture any of the articles in which it deals; it must buy them. It cannot sell anything that it has not first bought from others. Its purchases in New York city are not isolated or casual, but are customary, regular and systematic. The presence of its sole manager and fifteen buyers in New York city, engaged in buying goods to be retailed at Philadelphia, are as much

a part of defendant's business as the activities of the salesmen engaged in selling to the public in defendant's store. The contracts for the purchases of goods made in New York city are effective at once because they are made by defendant's sole manager and require no approval or validating in Philadelphia. A steady stream of goods consigned to defendant at Philadelphia after being purchased by the sole manager and buyers in New York city on their weekly trips, furnishes the stock which defendant sells to the public. In my opinion, the continued and organized buying of goods in New York city by defendant is as much a part of its business operations as the sale of these goods to the public. If the defendant was engaged in selling its goods in New York city by the same agents and in the same manner, it is evident that under the authorities it would be doing business in New York city and the service would be good. It must follow that a regular and long-continued practice of buying instead of selling is equally doing business.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.