SAMUEL HOFFMAN, INC., Respondent, *v.* MODE SHOPPE, INC., Appellant.

Supreme Court, Appellate Term, First Department, December 30, 1930.

*White & Case* [*Graham D. Mattison* of counsel], for the appellant.

*Kurz & Kurz* [*Michael Kurz* of counsel], for the respondent.

PER CURIAM. The plaintiff's affidavit that it had formerly made space available for the use of defendant's buyers is insufficient to show that *at the time of the service of the summons* the defendant had any established office in this State. Furthermore, even if it be assumed that the defendant at the time of the service used space in the office of a resident buyer, this does not appear to have been done except on occasions. The decision in *Hartstein* v. *Seidenbach's, Inc.* (129 Misc. 687) was based upon the existence of an established place of business in this jurisdiction coupled with announcements to that effect upon the defendant's letterheads. The proof here falls considerably short of that. The mere making of purchases, even if systematic, is insufficient to constitute doing business for the purpose of authorizing the service of process. (*Rosenberg Bros. Co.* v. *Curtis Brown Co.*, 260 U. S. 516.) To the extent that *Fleischmann Construction Co.* v. *Blauner's* (190 App. Div. 95), decided previously, is to the contrary, it may not be followed

since it is the duty of State courts to yield to the views of the United States Supreme Court upon questions of this character. (*Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270, at p. 277.)

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

All concur; present, LYDON, PETERS and FRANKENTHALER, JJ.