### CO–ED DRESSES, Inc., v. CITY OF PARIS DRYGOODS CO.

#### No. 193.

Circuit Court of Appeals, Second Circuit.

Feb. 14, 1938.

Charles Sonnenreich, of New York City, for appellant.

Lesser Brothers, of New York City (William Lesser, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, a New York corporation, brought suit in equity against the defendant, a corporation organized and existing under the laws of California, in the District Court for the Southern District of New York for the infringement of a trade-mark, seeking an injunction together with damages and an accounting. The only service of the complaint was upon one Charles P. Snyder in New York.

The defendant appeared specially and moved to vacate the service on the grounds (1) that it was a foreign corporation not doing business in New York and (2) that Snyder was not an officer, director, cashier, or managing agent of the defendant. The motion was granted and the plaintiff has appealed.

The hearing was entirely upon affidavits and the facts stated herein are merely what they indicate. The defendant is a large department store located in San Francisco, Cal., where all its officers live and where all its sales are made. It has never been authorized to do business in New York and has never applied for a certificate so to do. It does maintain an office at 1441 Broadway, in the city of New York, for the convenience of its buyers who come to New York and remain there temporarily to make purchases and for the use of three buyers who reside in New York. Snyder is one of those three and the one in charge of the New York office.

These resident buyers select and order merchandise from New York manufacturers and wholesalers for the use of the defendant's San Francisco store but have no authority otherwise to make contracts in behalf of the defendant and sell nothing in New York. They are all employees subject to discharge on thirty days' notice and are neither directors, officers, or man-

aging agents of the defendant. A small bank account is maintained in a New York bank for the benefit of the New York office which has an average balance of about $100 and is used to pay office expenses of the nature of stenographer's salary, electric and telephone service and supplies. The New York resident buyers are paid their salaries semimonthly directly from San Francisco by check. Out of more than $500,000 worth of purchases made by the defendant in New York during a year, the resident buyers make purchases only to the amount of about $6,000. No corporate books or records are kept in New York; no stock of merchandise; and nothing other than buying is done by Snyder except that he has authority to check the purchases of the transient buyers but only to the extent of taking care that they did not buy in excess of their budgets and to approve their purchases if not excessive in that respect. He also has authority to make minor adjustments, as when sellers want to ship less than the amount ordered or to have additional time for making shipments.

An opposing affidavit is to the effect that the activities of the defendant in New York through Snyder and the other resident buyers are more extensive, though it is not said that they do any selling. It is stated, however, that Snyder is in fact "generally known in trade as the 'Merchandise Manager' of the New York Office"; that he "confirms and approves all orders placed in New York for the purchase of merchandise by the defendant's resident buyers and out of town buyers when they visit the City"; and that he "adjusts all disputes and questions that may arise with regard to merchandise purchased by the defendant."

Though the appellee relies upon Rosenberg Brothers & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 171, 67 L.Ed. 372, to support the order, that case is distinguishable, in that the defendant had no local office or resident buyers but purchased in New York only through transient buyers. Some support is found in Hoffman, Inc., v. Mode Shoppe, Inc., 138 Misc. 742, 247 N.Y.S. 266, for the proposition that buying alone is not doing business, but that position was there taken on the authority of the Rosenberg Brothers Case, supra, which only decided the point in respect to transient buyers as above noticed.

Though we are unwilling to put final decision of the present issue upon this record, it might well be suggested that buying is an essential part of the business of a department store, and that where the surrounding circumstances were such that if sales were made business would be conducted locally, so would it appear to be by the making of purchases. See Fleischmann Construction Co. v. Blauner's, 190 App.Div. 95, 179 N.Y.S. 193.

Apparently such an issue as was presented here is usually decided upon affidavits as was done in this instance, but we think that should be the exception rather than the rule where there is a real dispute as to the facts. Ordinarily, the evidence should be taken, by reference or otherwise, and the facts found. That should be done here to provide a definite basis for the application of whatever legal principles may control.

Order reversed and cause remanded.