PERRY GREENBERG, Respondent, *v.* LAMSON BROTHERS COMPANY, Appellant.

First Department, December 22, 1947.

*Leonard P. Moore* of counsel (*William S. Beinecke* with him on the brief; *Chadbourne, Wallace, Parke & Whiteside,* attorneys), for appellant appearing specially.

*Chester A. Lessler* for respondent.

SHIENTAG, J. The question presented on this appeal is whether defendant is exempt from service of process in this State on the ground that it is not doing business here. More concretely, the issue is whether or not a foreign corporation, operating a department store in another State and utilizing the services of an independent " resident buying " organization

in New York, which furnishes facilities to many department stores in various States, may be sued in this State.

Defendant is an Ohio corporation operating department stores, its main store being in Toledo and the branch store eleven miles away. It has never qualified to do business in New York nor does it maintain an agent or representative here empowered to accept service of process. It does not maintain a place of business within the State; it has no office of its own here and no telephone listing. It owns no real estate here; it pays no taxes in this State; it holds no directors meetings here. As far as the record shows, it has no bank account here; its books are not kept here. What is especially significant is that it makes no sales whatever in this State and has no salesman or other representative here to solicit orders.

Defendant does buy a large quantity of merchandise here, several million dollars worth of goods a year, for use in its department stores in Ohio. However, it maintains no exclusive buying agency of its own in this State. It sends a rather large staff of its buyers to New York from time to time. To assist in its purchases, defendant employs the Syndicate-Alliance Trading Company (hereafter called Syndicate-Alliance) which company has its offices at 33 West 34th Street, New York City. Syndicate-Alliance is an organization devoted to collecting information relating to wholesale market conditions in New York and to giving such information to its clients who number forty-six department stores located in. fifteen different States. It affords facilities to stores in other States for purchasing merchandise here and, generally speaking, carries on the business of a " resident buyer " for stores outside of the State of New York. For its services, defendant pays this resident buyer a very substantial annual fee.

Plaintiff lists a series of activities carried on in this State by defendant which, on their face, seem quite impressive, but analysis shows that they are the normal incidents of buying in this State and of shipping merchandise purchased here to Ohio. Not only do the defendant's buyers in large numbers come to this State, in the course of the year, but its officers also come here from time to time and participate in meetings with the buyers to determine buying policies. When they come here they use the offices of Syndicate-Alliance as their headquarters but the defendant has no separate office as such.

Incidental to the buying of merchandise and the interviewing of salesmen and other buyers, defendant's buyers and officers have occasional stenographic service and the use of the resident

buyer's telephone. There is no New York office mentioned on any letterheads of defendant. Their order sheets set forth their address in Ohio and contain the legend entitled: " New York City Shipping Instructions " directing that shipments from one to ninety-five pounds be sent to Syndicate-Alliance Trading Company, 60 West 35th Street, New York City; over ninety-five pounds to National Carloading Corporation. Generally speaking, all purchases of merchandise for the account of defendant are confirmed at the Toledo office, although such orders may be confirmed in New York if any officer or representative having authority so to do happens to be here at the time. Payments of merchandise purchased are made at Toledo, Ohio, and forwarded directly to the source where purchased. Occasional claims in connection with merchandise purchased are adjusted here. ·

All of the defendant's sales are made and payments for them are received in Ohio. The listing of defendant's name on the building directory of 33 West 34th Street was procured by Syndicate-Alliance which, as has been stated, maintains its offices there. Defendant is included in this listing as one of the forty-six clients of Syndicate-Alliance and is listed on the directory board beneath the name of Syndicate-Alliance. Defendant has a mail box in the building. It is one of a series of mail boxes consisting of a panel of pigeon-holes located upon Syndicate-Alliance's premises in which are placed manufacturers circulars and other material held there pending arrival from out of town of the buyers of various clients. These " mail boxes " are not maintained under the supervision of the United States Post Office Department. Occasionally, buyers of defendant who run short of expense money in New York receive small advances from Syndicate-Alliance which are immediaetly billed back to defendant. All of the foregoing are elements entering into the relationship between a department store located in another State and a " resident buyer " located in New York performing its services for many out of town clients. The facilities offered its clients, although they constitute Syndicate-Alliance's business in this State, do not however bring their clients' business into the State.

Two other circumstances are stressed by plaintiff. The first of these is the shipping of certain packages addressed to defendant via Syndicate-Alliance. These packages are those originally shipped from points in New York and neighboring States in less than 100-pound containers. They are assembled and repackaged by Syndicate-Alliance and shipped by it in larger containers,

to defendant Lamson Brothers, thereby enabling the latter to effect a substantial saving in its freight and express charges. There is a considerable difference in freight and express rates between shipments weighing less than 100 pounds and those weighing more than 100 pounds. This assembling service is performed for an additional charge based upon the number of packages handled and is a' service which is performed by Syndicate-Alliance for some three quarters of its clients. In this connection Syndicate-Alliance is performing services in the nature of a freight or express forwarding agency and such services cannot even be an element in considering whether defendant is carrying on its business here.

In the second place defendant has a contract with an employment agency here, specializing in department store personnel, to refer prospective employees to the defendant in New York City, for which an annual fee is paid. Some applicants are interviewed here by representatives of defendant but, if they are employed, they work for defendant in Ohio. Retaining an independent employment agency for the purpose indicated is so unconnected with any act of doing business in New York that it cannot be regarded as a material factor.

The law is clear that purchases in New York by a foreign corporation of a large part of the merchandise to be sold at its place of business outside the State, even if systematic and made upon visits occurring at regular intervals do not warrant a holding that the corporation was present within the jurisdiction of this State. (*Rosenberg Bros. & Co.* v. *Curtis Brown Co.*, 260 U. S. 516.) The additional element of interviewing personnel for employment outside of the State of New York does not pertain to '' doing business '' in this State and does not take the case out of the rule laid down in *Rosenberg Bros. & Co.* v. *Curtis Brown Co.* (*supra*). (See, also, *Bank of America* v. *Whitney Central National Bank*, 261 U. S. 171; *Kohn* v. *Wilkes-Barre Dry Goods Co.*, 139 Misc. 116; *Fickett* v. *Higginbotham-Bailey-Logan Co.*, 162 Misc. 18; *Affiliated Enterprises, Inc.*, v. *Colonial Theatre, Inc.*, 165 Misc. 948.)

In the final analysis, it would indeed be farfetched to hold that a department store retailing merchandise exclusively within the State of Ohio was '' doing business '' within the State of New York, when it sold not a single dollar's worth of merchandise in this State, when it solicited no orders in this State for the sale of its merchandise, when practically all that it did here was to buy its merchandise and in connection with such purchases utilized the facilities of a '' resident buyer ''.

The decision of this court in *Meinhard, Greeff & Co.* v. *Higgin-botham-Bailey-Logan Co.* (262 App. Div. 122) is not in conflict with the views expressed herein. In that case, for twenty years a Texas dry goods company had maintained its own purchasing office in New York City and had four employees always here. Numerous other facts showed that the defendant held itself out as doing business here.

The order denying defendant's motion to set aside the service of process should be reversed, with $20 costs to the appellant and the motion granted.

PECK, P. J., GLENNON, COHN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted. Settle order on notice.