STERLING NOVELTY CORPORATION, Respondent, *v.* FRANK & HIRSCH DISTRIBUTING Co. (PTY.) LTD., Appearing Specially, Appellant.

Submitted April 20, 1949; decided May 26, 1949.

*Herman Keller* and *Harry Balterman* for appellant.   I. Plaintiff has failed to sustain the burden of proof resting upon it to show the validity of the attempted service.   (*Gursky* v. *Blair,* 218 N. Y. 41; *Wollman* v. *Newark Star·Pub. Co.,* 190 App. Div. 933, 229 N. Y. 590; *Kowalçhek* v. *Buck Run Coal Co.,* 173 App. Div. 653; *Scheinman* v. *Bonwit Teller & Co.,* 132 Misc. 311; *Eastern Products Corp.* v. *Tennessee Coal, Iron & R. R. Co.,* 102 Misc. 557; *Coler* v. *Pittsburgh Bridge Co.,* 146 N. Y. 281; *McKeon* v. *McGowan & Sons,* 229 App. Div. 568; *Josephy* v. *Kansas City, Mexico & Orient Ry.,* 180 App. Div. 313.) II. Defendant corporation was not doing business within the State of New York.   (*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259; *Yeckes-Eichenbaum* v. *McCarthy,* 290 N. Y. 437; *Holzer* v. *Dodge Bros.,* 233 N. Y. 216; *Lillibridge, Inc.,* v. *Johnson Bronze Co.,* 247 N. Y. 548; *Hamlin* v. *Barrett & Co.,* 246 N. Y. 554; *J. C. F. Holding Corp.* v. *General Gas & Elec. Corp.,* 181 Misc. 283, 267 App. Div. 863; *Farmers & Mechanics' Nat. Bank* v. *Logan,* 74 N. Y. 568; *Cannon Mfg. Co.* v. *Cudahy Packing Co.,* 267 U. S. 333; *International Shoe Co.* v. *Washington,* 326 U. S. 310.)

*Maxwell A. Rubin* for respondent.   Defendant's local activities through a firm and corporation in this State with which

defendant is intimately associated and which defendant dominates and controls with officers and directors of one acting for the other in the conduct of defendant's business constitutes '' doing business '' so that our court has jurisdiction over defendant. (*Rosario* v. *Public Service Co-ordinated Transport*, 270 App. Div. 169; *Mas* v. *Orange-Crush Co.*, 99 F. 2d 675; *Pine & Co.* v. *McConnell*, 273 App. Div. 218, 298 N. Y. 27; *Chaplin* v. *Selznick*, 293 N. Y. 529; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Society Milion Athena* v. *National Bank of Greece*, 166 Misc. 190, 254 App. Div. 728; *Bomze* v. *Nardis Sportswear*, 165 F. 2d 33; *United States* v. *Scophony Corp.*, 333 U. S. 795; *International Shoe Co.* v. *Washington*, 326 U. S. 310.)

FULD, J. Whether or not defendant, a foreign corporation, was doing business in this State so as to be subject to the jurisdiction of our courts is the question certified for our determination.

The defendant is a South African importing corporation which does much of its buying in New York, but is concededly not qualified to do business here and has no branch office in this State. Plaintiff began the present action for breach of contract by serving a summons and complaint upon an officer of a New York corporation which makes purchases for defendant. Urging that such service was not effective, defendant moved to dismiss the complaint for want of jurisdiction. The motion was denied at Special Term and the Appellate Division unanimously affirmed, granting defendant leave to prosecute this appeal on the question certified.

There is, of course, no precise measure of the nature or extent of local purchasing activities which will render a foreign corporation amenable to process in this State. Each case must be decided on its own particular facts. (See *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 267; *Society Milion Athena* v. *National Bank of Greece*, 166 Misc. 190, 197, affd. 254 App. Div. 728; *Stark* v. *Howe Sound Co.*, 141 Misc. 148, affd. 234 App. Div. 904.) Insofar as general criteria are helpful, they are the same as those applicable to selling activities within the State. Continuity of action from a permanent locale is essential. The foreign corporate defendant must be '' here * * * not occasionally or casually, but with a fair measure of permanence and con-

tinuity ". (*Tauza* v. *Susquehanna Coal Co., supra,* p. 267; see, also, *Chaplin* v. *Selznick,* 293 N. Y. 529.) The circumstance that the foreign corporate defendant is represented in its local activities by a separate individual or by a separate corporation and not by a directly controlled subsidiary or branch office is not in itself determinative. As long as the resident buyer is acting here as agent of the foreign corporation, the absence of a local office of the foreign defendant will not deprive our courts of jurisdiction. (See *Society Milion Athena* v. *National Bank of Greece,* 166 Misc. 190, 197, affd. 254 App. Div. 728, *supra; American Tri-Ergon Corp.* v. *Ton-Bild Syndikat,* 145 Misc. 344, affd. 236 App. Div. 792; *Henriques* v. *Gauthiod Marine Ins. Co.,* 205 App. Div. 8; *Littman* v. *Sachs, Inc.,* 65 N. Y. S. 2d 754, 756; see, also, *Pine & Co.* v. *McConnell,* 298 N. Y. 27.)

Testing the record before us by those criteria, we find ample support for the conclusion of the courts below that defendant was, for jurisdictional purposes, doing business in this State.

Organized in July, 1944, to carry on a diversified business of importing, exporting, trading and distributing manufactured goods, and to act as " Manufacturers' Representatives ", defendant became closely associated in its activities with a South African partnership, " F & H Agencies ", formed two months later. Defendant's two majority directors and stockholders were the founders of the partnership and its majority members. In addition to interlocking control, the corporation and the partnership had intertwining physical setups. Thus, defendant, styled " Frank & Hirsch Distributing Co. (Pty.) Ltd.", and the partnership, called " F & H Agencies ", had the identical mailing address, " P. O. Box 1803, Johannesburg "; the same " Head Office " — Johannesburg; the same " branch offices " — Cape Town, Port Elizabeth, East London, Durban, Bulawayo; the same cable address — " Frahirsch "; and the same telephone numbers, shipping marks and stationery insignia.

This virtual identity assumes great significance when we turn our attention to the activities of the New York corporation upon which service was effected. That corporation, " F & H Agencies New York, Inc.", was organized shortly after the formation of the two South African companies, with Walter Frank, brother of one of defendant's directors, as secretary-treasurer. It was avowedly and officially the agent of the part-

nership, being described as its " American Office " on letterheads and business cards. In addition, the New York corporation likewise negotiated purchases for defendant, and, understandably, not only plaintiff's officers but the trade generally accepted it as defendant's local representative.

Unavoidable is the conclusion that the New York corporation acted as defendant's exclusive buying agent. There is no indication that anyone else, save defendant itself, ever negotiated any of defendant's local purchases or that the New York corporation represented any organization other than defendant and defendant's alter ego, the South African partnership. Obviously, defendant's unsubstantiated denials of its close connection with the domestic corporation — containing no details though these were peculiarly within its own knowledge — cast little doubt upon their actual relationship. (See *Society Milion Athena* v. *National Bank of Greece,* 166 Misc. 190, 198, affd. 254 App. Div. 728, *supra; Industrial Research Corp.* v. *General Motors Corp.,* 29 F. 2d 623.)

We deem it worth remarking that this is not a case in which the foreign corporation's only ties with this State were through an independent resident buyer who acted for many other purchasers at the same time (see, e.g., *Greenberg* v. *Lamson Bros. Co.,* 273 App. Div. 57); nor one in which the foreign corporation came but intermittently or sporadically into New York on buying missions and had no fixed local headquarters. (See, e.g., *Rosenberg Bros. & Co.* v. *Brown Co.,* 260 U. S. 516; *Hamlin* v. *Barrett & Co.,* 246 N. Y. 554.) Rather is it controlled by those cases which hold a foreign corporation subject to the jurisdiction of our courts if it buys merchandise, in a systematic and continuing fashion, through an exclusive purchasing agent with an established and permanent place of business in New York. (See *Meinhard, Greeff & Co.* v. *Higginbotham-Bailey-Logan Co.,* 262 App. Div. 122; *National Furniture Co.* v. *Spiegelman & Co.,* 198 App. Div. 672; *Fleischmann Constr. Co.* v. *Blauner's,* 190 App. Div. 95; *Littman* v. *Sachs, Inc.,* 65 N. Y. S. 2d 754, 755, *supra.*)

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and BROMLEY, JJ., concur.

**Order affirmed, etc.**