Plaintiff, Lawrence O. Flanagan, suffered injuries when a ladder upon which he was working collapsed. He brought action against Acme Scaffold Co., Inc. (hereinafter referred to as Acme), the seller of the ladder, alleging defective construction. Acme, pursuant to section 193-a of the Civil Practice Act, as defendant and third-party plaintiff, served a summons and complaint on David Weinstein, treasurer of Weinstein Tool & Manufacturing Co. (hereinafter referred to as Weinstpin), a foreign corporation, the manufacturer of the ladder, to recover whatever sum Flanagan might recover against it (Acme). Weinstein, appearing specially, moved to set aside the service of the summons and complaint on the grounds: (1) the court has no jurisdiction of the third-party defendant, a foreign corporation, as it is not doing business in this State; (2) that the service was accomplished by fraud in that said defendant was lured into this State for the purpose of effecting service, and (3) that Acme failed to comply with section 193-a of the Civil Practice Act and rule 54 of the Rules of Civil Practice. The . matter was referred to an Official Referee who, after a hearing, denied Weinstein’s motion to vacate the service. Weinstein appeals from so much of the order as grants Acme’s motion to confirm the report and denies Weinstein’s motion to vacate the service of the summons and complaint. Order, insofar as appealed from, reversed on the law and the facts, with $10 costs and disbursements, the motion to confirm the report of the Official Referee denied, and the motion to vacate service of the summons and complaint granted, without costs. The third-party defendant has no office, no property, and no bank account in this State. Its activities consisted of advertising in the New York Times and in the classified telephone directory. One of its officers also visited several of its customers occasionally and solicited their business. Its business in New York State was not substantial. Under the circumstances, the said defendant was not doing business in this State. (Rosenberg Bros, é Co. v. Curtis Brown Co., 260 U. S. 516; Greenberg v. Lamson Bros. Co., 273 App. Div. 57, 61; Ernst Mayer Co. v. Aaron Ferer é Sons, 26 N. Y. S. 2d 761 [App. Term, 1st Dept.]. Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. [See post, p. 1006.]