LITTLE FALLS PAPER COMPANY, Plaintiff, *v.* DALEMAR PAPER CORP., et al., Defendants.

City Court of the City of New York, New York County, January 13, 1954, memorandum, February 17, 1954.

*Joseph G. Cohen* for Carolina Paper Mills, Inc., defendant appearing specially.

*John M. Friedman* for plaintiff.

MAX J. WOLFF, Referee. The defendant Carolina Paper Mills, Inc. (hereinafter referred to as Carolina), has moved to vacate service upon it of the summons in this action, asserting that it is not present within the jurisdiction. The summons was served in the city of New York upon the president of Carolina.

The said defendant is a corporation of the State of North Carolina, where it operates a mill for the manufacture of paper products. It has not filed a certificate of doing business in this State. It is listed in the telephone directory of the City of New York for the borough of Manhattan as follows: '' Carolina Paper Mills Inc 250 W 57 COlumbus 5-6315 ''. 250 West 57th Street is the office building in which Resolute Paper Products Corporation (hereinafter referred to as Resolute) is located. Resolute is a so-called superjobber, that is, a jobber selling to lesser jobbers. The name Carolina Paper Mills, Inc., appears on the directory in the lobby of the 57th Street building under room 501, which is the office of Resolute, but Carolina is not listed on Resolute's office door. Carolina pays no rent to Resolute or to the landlord of the building. It does not contribute to the office expenses or to the salaries of the employees of Resolute.

Abraham H. Cohen, who is the president of Carolina, is also the president of Resolute. Carolina and Resolute are family corporations wholly owned by members of the Cohen family, consisting of the above-mentioned Abraham H. Cohen, his wife Gertrude, and his two sons, Leo E. and Daniel S. Abraham H. Cohen and Gertrude reside in the city of New York. Daniel S. Cohen resides in the nearby city of New Rochelle. There were some differences in the testimony concerning the residence of Leo E. Cohen, who is the vice-president of Carolina and has been such since it was organized in January of 1950. When sworn as a witness he gave his address as Rockingham, North Carolina. Under examination it was shown that he has an apartment in the city of New York, where his wife and children live except at such times as they are in Florida. In Rockingham, North Carolina, he rents one room in a house and he pays board there, but his family apparently does not visit there at all. He last voted in 1944, in the city of New York, and has not voted since that year. The only regular home for his family

is the New York City apartment, which he maintains on an annual basis. It appeared that Leo spends approximately thirty-five out of fifty-two weeks in Rockingham and the rest of his time mostly in New York City.

The directors of Carolina and of Resolute are the four above-named members of the Cohen family, who also own all of the capital stock of both companies, although not in precisely the same proportions. Leo owns 20% of the stock of Carolina and 10% of the stock of Resolute.

Leo testified that he " runs Carolina " and that his father, Abraham, " runs Resolute ". The father admitted that he helps make the policy of Carolina, of which he is the president, and that occasionally he discusses the business of that company with Leo in New York. Formal meetings of the board of directors are held in Rockingham, North Carolina, at the principal office of the corporation, where also are kept the corporate books. Carolina issues all bills from its North Carolina office.

Carolina does not, in the usual sense of the word, solicit business in New York. There was evidence that there is an agreement between the Cohens that Carolina will not solicit business here, also that Leo act as the executive officer of Carolina. However, Leo admitted that when he is in New York he discusses Carolina's affairs with his father and his brother.

In the year prior to July 13, 1953, the date of service of the summons in this action, Carolina's sales averaged about $100,000 per month. In that year it manufactured and sold merchandise amounting in dollar volume to approximately $1,200,000 of which $840,000 represented sales to Resolute. Carolina made no sales in the city of New York except to Resolute. Approximately $54,000 worth of the merchandise thus sold to Resolute was actually delivered into the city of New York at Resolute's warehouse in Brooklyn. These figures were indicated to be typical for prior years except that before 1952, Carolina delivered a higher percentage of its merchandise into New York City.

About the twentieth of each month Leo's brother, Daniel, goes down to Rockingham, North Carolina, from New York, and the brothers then determine the production schedule for the calendar month ahead; Resolute sends shipping instructions by mail to Carolina each week; prices are kept uniform throughout the month; and Resolute sends checks directly to Carolina's banks in Rockingham in payment of the merchandise it buys.

Carolina has a bank account in the Manufacturers Trust Company in New York City with average balances somewhere

between $1,000 and $2,000. The purpose of the bank account is to supply Leo with money for traveling expenses.

It thus appears that Carolina's sales to Resolute are about 70% of its total sales in dollar volume and that a substantial quantity, although a small proportion of all the merchandise thus sold to Resolute, is actually delivered to the latter here. Although it is true that Carolina does not " solicit " business from Resolute, it is also true that this is simply a case of the Cohens as Carolina selling to themselves as Resolute. The members of the family arrange the transactions between the two corporations by discussions in New York as well as in North Carolina. Although the manufacturing takes place in North Carolina, the family is based in New York, which is the only home of Abraham, Carolina's president, and the true home of Leo, its vice-president and " executive officer ".

The case falls within the " solicitation plus " doctrine. Although there is no solicitation here, in the normal sense of the word, its equivalent is found in the circumstances of identical ownership and complementary operations of the two corporations. Carolina is the family mill and Resolute is its principal outlet. Carolina's way of life is determined by its connection with Resolute in New York as if the two corporate bodies were united by a common blood stream. Resolute takes all of Carolina's production that it can use. Every impulse of Carolina to sell and of Resolute to buy is transmitted from the one corporation to the other over a shared nervous system. This process of transmission does not respond to an external stimulus like solicitation, but it has the same attributes of continuity and regularity as systematic solicitation and the end results are also the same. In short, 70% of what the Cohen family manufactures in North Carolina it superjobs in New York. The case, therefore, is not too far different from *Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.* (299 N. Y. 208). The relationship between the two corporations and their methods of doing business, which are the equivalent of active solicitation, plus the large volume of sales to Resolute, the actual delivery of substantial quantities of merchandise into New York, the local bank account, and the representation by Carolina that it is present here by virtue of its listing in the telephone directory of the borough of Manhattan and in the lobby of the West 57th Street building, make necessary a finding of fact that Carolina was effectively served with the process of this court.

The defendant Carolina is present within the jurisdiction. I recommend that the motion to vacate service upon it of the summons in this action be denied.

(Memorandum confirming referee's report.)

PARELLA, J. The motion to confirm the referee's report is granted on default, and the motion of defendant Carolina Paper Mills, Inc., to vacate and set aside the service of the summons and complaint is denied.