Matthew M. Levy, J.
Appearing specially, the defendant moves to vacate the service of process upon it on the principal *509 ground that the defendant is not doing business within the State of New York and is therefore not subject to the jurisdiction of the courts of this State. Whether or not a foreign corporation is ‘ ‘ doing business ” or is “ present ” in a jurisdiction is a question of fact which must he determined by analyzing the facts of the individual case under consideration (Pomeroy v. Hocking Val. Ry. Co., 218 N. Y. 530, 535; Chaplin v. Selznick, 293 N. Y. 529, 534; Brocia v. Franklin Plan Corp., 235 App. Div. 421, 422). What are the facts here ? The conclusory statements submitted in the affidavits are conflicting, but the facts are not in dispute. These I shall give in some detail.
The defendant is named in the summons as the Breakers Hotel Corporation. The correct name of the defendant is M & Gr Company. It is a New Jersey Corporation not licensed to do business in New York. It operates the Breakers Hotel in Atlantic City. That is its sole business. Customers of Breakers come to it in Atlantic City from various parts of the United States. The Broadway Besort Service is located at 1650 Broadway in New York City. In pursuance of engagement by a resort hotel, Broadway quotes rates and gives information to inquiring prospective guests as to accommodations and activities at the hotels which contracted for such service. Broadway takes applications for reservations at any of such hotels, which, before becoming binding upon the hotel, must be confirmed by it. The hotels under contract with Broadway are not listed on the door of Broadway’s offices, nor in the building directory. The names of the hotels are listed in the New York City telephone directory, using Broadway’s address and telephone number. The defendant is one of the hotels which has engaged Broadway for such service on its behalf, and for which it pays $125 per month plus the telephone bill. None of the officers or employees of Broadway is an officer or employee of Breakers. The summons in this case was served upon one of the owners of Broadway. The process server was informed that he had no authority to accept process for the defendant. Upon receipt of the summons, Broadway forwarded it to the defendant in New Jersey.
The plaintiff contends that the defendant corporation is doing business in New York in that Broadway is an agent of Breakers, that, as such agent, Broadway transacted business for Breakers in New York in such a manner and to such an extent in its varied activities in bringing about the relationship between guest and hotel, so as to conclude that the defendant New Jersey corporation was present and doing business in the State of New York. To put it in another way, the plaintiff argues that there could *510 be no further service that could be performed by the defendant itself having a corporate representative or salaried employee in New York than that which is performed for the defendant by Broadway.
On the other hand, the defendant contends that there is no exclusivity of employment or identity of ownership between Breakers and Broadway, that Broadway is a separate entity with, which Breakers contracted for a particular service, that Broadway represented Breakers in New York for the purpose of taking applications for reservations and disseminating information, and for no other purpose, as far as the defendant is concerned, that there was no other service rendered, that Broadway performs like services for a number of other hotels, that Broadway was never designated to receive process for Breakers, and that, from its relationship with Broadway, it cannot be concluded that Breakers was doing business in New York so as to render it amenable to process.
As I have heretofore indicated, the issue as to whether a foreign corporation is present or is doing business in this State is one which must be resolved on the facts. And in this case, the resolution of that issue turns upon whether Broadway’s activities in representing* Breakers in New York were such as to rise to the quality necessary for an affirmative finding in that respect.
There is no precise test for the nature and extent of the business which must be done. But that is not to say that there are no general standards of application. I shall mention here the precepts which are applicable to the facts in the controversy at bar. In the leading* case of Tauza v. Susquehanna Coal Co. (220 N. Y. 259) decided in 1917, the court held that although the foreign corporation’s agent is in this State, service of process upon him does not render the corporation subject to the court’s jurisdiction if the corporation is not doing business in this State, and that, in order for a foreign corporation to be held to be doing business here, there had to be business which had “ a fair measure of permanence and continuity ” (p. 267). Five years later, the Court of Appeals supplemented the rule laid down in the Tauza case; in Holzer v. Dodge Bros. (233 N. Y. 216, 221) it was held that, to be doing business in New York, the corporation’s activities here ‘ ‘ must be some substantial part of its main business. Nothing* short of this will justify such service. ” Usually, more than mere solicitation in this State is required before it can be found that a foreign corporation is doing business here (Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530). A case where the New York agent is engaged exclusively in buy *511 ing for the foreign corporation (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208) is to be distinguished from the case where the defendant dealt through a resident buyer who represented many other purchasers as well — in the latter case, the company is not doing business here so as to render it amenable to process (Greenberg v. Lamson Bros. Co., 273 App. Div. 57).
On the proof before me, I find that Broadway’s activities in this State in behalf of Breakers were not such as to warrant a holding that Breakers was “ doing business ” or “ present ” in New York, in the sense that these terms are here used. And the authoritative precedents relied upon by the plaintiff do not point the other way. In Bersin v. Booth, Junr. & Co. (198 App. Div. 344) cited by the plaintiff, the managing agent in New York entered into contracts and in many instances the foreign corporation shipped the goods and bills of lading to him in New York. In Hall v. Weil-Kalter Mfg. Co. (199 App. Div. 592) also cited by the plaintiff, among other things indicating ‘ ‘ presence ’ ’ in New York, the foreign corporation leased a local office in its name and its letterheads listed it as having that as its New York office. Fleischmann Constr. Co. v. Blauner’s (190 App. Div. 95) is sufficiently distinguishable on its facts from the ease at bar to require no comment.
Where a foreign corporation has not made a designation for the receipt of service of process in its behalf in this State or where it has not been licensed to engage in business here, the time-honored test as to whether it is amenable to service of process in New York is whether it is “ present ” in this State. And that is the test which I have thus far applied in a consideration of the facts. But, perhaps, a word should now be said about the more recent rulings of the United States Supreme Court in respect of the general principle I invoked.
Before the landmark case of International Shoe Co. v. Washington (326 U. S. 310) the Supreme Court of the United States, like the New York courts, applied the familiar “ presence ” doctrine to determine whether a corporation was doing business in a jurisdiction (Rosenberg Co. v. Curtis Brown Co., 260 U. S. 516; International Harvester Co. v. Kentucky, 234 U. S. 579). In the International Shoe case, the United States Supreme Court held, however, that the demands of due process “ may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there * * * [T]o the extent that a *512 corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue ” (pp. 317, 319). In other words, that it is but necessary that the defendant “ have certain minimum contacts ” with the state of the forum so “ that the maintenance of the suit does not offend ‘ traditional notions of fair play and substantial justice.’ ” (P. 316.)
The New York courts are not necessarily governed by the new ruling enunciated by the Federal courts (see Bomze v. Nardis Sportswear, 165 F. 2d 33; Pine & Co. v. McConnell, 298 N. Y. 27, 30; cf. Elish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267, 269-271). Whether I should adhere to it, however, is another matter; and, therefore, I do not hesitate to express agreement with it, when properly applied (see Erlanger Mills v. Cohoes Fibre Mills, 239 F. 2d 502). It is quite clear that, insofar as the ‘ ‘ minimum contact ’ ’ rule extends the amenability of foreign corporations to local process in appropriate eases, it is a beneficent— if, indeed, not a necessary — concomitant of that “ continuing process of evolution ” which “ accepted and then abandoned ” the concepts of “ consent ”, of “ doing business ”, and of “ presence ” as “ the standard for measuring the extent of state judicial power over ” foreign corporations (McGee v. International Life Ins. Co., 355 U. S. 220, 222-223).
Be that as it may, the case now before me is not one where the ‘ ‘ minimnm contact ’ ’ rule could be appropriately applied. For it is of the essence of the doctrine (as I would invoke it) that the particular suit involved be one which, in reason and justice, should be defended in New York. I cannot, from the present submission, conclude that this is such a case. While it appears that the plaintiff is a resident of the State of New York, and that service of the summons in this action was made upon the alleged agent of the defendant in New York City, the nature of the cause of action sued upon does not appear. Is it one in contract or in tort? If the former, was the contract negotiated here through the intervention of Broadway as the agent of Breakers? Was the contract to be performed here? If the suit is in tort for personal injuries arising out of negligence on the part of Breakers, did the accident occur at the hotel in Atlantic City, New Jersey? Other inquiries may be made, but they are here necessarily propounded in a vacuum.
*513 There may, of course, be activities sufficiently substantial and of such a nature as would justify the exercise of jurisdiction even if the cause of action did not arise in Mew York and was not related to the business or activities of the corporation in Mew York (Perkins v. Benguet Cons. Min. Co., 342 U. S. 437, 445; see Forkosch, American Democracy and Procedural Due Process, 24 Brooklyn L. Rev., 173, 206). The point is that, insofar as the case at bar is concerned, the burden, upon any theory, is on the plaintiff to support her claim that there is jurisdiction, and that support must come from a statement of the facts. These, the instant plaintiff has failed to present.
Accordingly, the defendant’s motion to vacate the service of process is granted, and an order has been signed directing the clerk to enter judgment to that effect. In view of this ruling, I deem it unnecessary at this time to consider the issues of whether the defendant was properly served as required by section 229 of the Civil Practice Act, or the claimed fact and the effect of the alleged cessation of the relationship between the defendant and the Broadway Resort Service prior to the service of process.