Guy Gilbert Ribaudo, J.
In this action for goods sold and delivered by plaintiff to defendant, the Neusteter Co., and shipped pursuant to its instructions, Neusteter appeared specially seeking to dismiss the complaint because of nonservice upon a proper person and because of being a Colorado corporation not engaged “ in doing business ” in New York.
Amenability to process is asserted by plaintiff because of listing in the Manhattan telephone directory, listing on the building directory at 1441 Broadway, and listing on the outer door of the offices so designated.
Immunity from process is asserted by Neusteter because it owns and operates a department store in Denver, Colorado, sells nothing in New York, but only buys merchandise here to be shipped to its Denver store. Upon cross-examination, however, it appeared that for the past 11 years Neusteter, together with 14 other stores located out of New York City, joined together in maintaining ‘ ‘ a resident buying office ’ ’ consisting of a waiting room and inside offices, with a controller and office manager, as well as stenographic and office help in attendance, and direct teletype service, each store having its own teletype machine.
*731 This enterprise, created and maintained by common need, was endowed with a separate status by New York incorporation as “ Specialty Stores Association, Inc.” (herein referred to as “ Association ”); but, apart from such incorporation and separate name, all else appears to be a projection of their buying activities in New York City by these 15 out-of-town stores. Thus, defendant’s witness testified that no separate or independent fee is paid but rather that the expenses of the office were paid for and shared by the 15 stores; that no buying is done by the stores through the Association, but, rather, the representatives of the stores, when they come to New York, use this facility as their “ New York headquarters ”, consult with local personnel at the office to get an insight into the markets, but go to the various local manufacturers and suppliers to consummate sales. Listings on the door, the building directory, and the telephone directory are made solely at the request of the stores. The defendant urges that this factual situation falls within the principles laid down by Rosenberg Co. v. Curtis Brown Co. (260 U. S. 516); Greenberg v. Lamson Bros. Co. (273 App. Div. 57 [1st Dept.]) and Schwartz v. Breakers Hotel Corp. (13 Misc 2d 508). On the other hand, the plaintiff urges that the principle of Sterling Novelty Corp. v. Frank & Hirsch Distr. Co. (299 N. Y. 208) is the proper rule to be applied.
Factual shadings in different cases make the application of constitutional due process very close questions. Differences, which when standing alone appear to be without strong weight and substance, have, nevertheless, tipped the scales either in favor of or against constitutionality. Thus, in Sterling Novelty (supra, p. 212) the court emphasizes that the defendant was amenable to process because it had an “ exclusive buying agent ” in New York, as distinguished from “ an independent resident buyer who acted for many other purchasers at the same time ”, as in Greenberg v. Lamson Bros. Co. (supra) and as distinguished from the foreign corporation which “ came but intermittently or sporadically into New York on buying missions and had no fixed local headquarters ” as in Rosenberg Co. v. Curtis Brown Co. (supra) and as in Hamlin v. Barrett & Co. (246 N. Y. 554).
Here we have a combination of facts from both categories. Thus, Neusteter does not maintain an exclusive buying agent in New York; but it does more; it projects itself into New York by maintaining and paying for (true, with 14 other stores) its own resident buying office. Hence, it did not have an independent resident buyer who acted for many others, as in Greenberg to whom as the court emphasizes, the foreign corpo *732 ration paid a very substantial annual fee. Here, on the other hand, no such fee is paid, but, instead, there is a direct allocation of expenses among all 15 stores and each pays its prorata share.
Standing alone, it makes no difference whether the local activity of the foreign corporation is that of buying or selling; the general criteria is the same in either case (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., supra, p. 210), nor does the circumstance that Neusteter is here by way of a separate corporation whose operations may be controlled and directed by and for the mutual advantage of Neusteter, together with 14 other stores, deprive the court of jurisdiction. So long as the local activity conducted here is as an agent or employee of the foreign corporation, the injection of an intermediate fictional corporation will not deprive our courts of jurisdiction (Sterling Novelty Corp. v. Frank & Kirsch Distr. Co., supra, p. 211).
The permanence of the office in New York and the activities arising therefrom are key factors. Unlike Rosenberg Co. v. Curtis Brown Co. (supra), where the foreign corporation had no place whatever in New York and had no officer, agent, or stockholder resident here, Neusteter had a permanent place. Except for the fictional creation of the Associaion, Neusteter in effect had employees here whose salaries and other costs and expenses were shared and paid for by Neusteter and its associate stores.
Unlike Greenberg, the Association was no independent resident buyer. The Court of Appeals considers this a distinguishing factor of the Greenberg situation (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., supra, p. 212). Nor is this a ease merely of the utilization of the facilities of a “ resident buyer ”. Factually, the buying activity was done in this State by the buyer employees of Neusteter, utilizing the office as the New York headquarters for such activities here.
The developing judicial trend appears to lead us away from the doctrinal concepts of “ consent ”, of “ doing business ” and of “ presence ”, as the yardstick for measuring judicial power over foreign corporations (Matthew M. Levy, J., in Schwartz v. Breakers Hotel Corp., supra). It has even been asked why any “ liability creating conduct ” should not afford a basis for jurisdiction. (Goodrich, Conflicts of Laws [3d ed.], p. 216.)
Due process under the Federal Constitution may now be satisfied by the existence of “ such contacts ” of .the foreign corporation with activities within the State of the forum as would make it reasonable for the corporation to defend the particular action being brought (International Shoe Co. v. Washington, 326 U. S. 310; McGee v. International Life Ins. *733 Co., 355 U. S. 220; Goodrich, Conflicts of Laws [3d ed.], § 76, pp. 207, 214 et seq.; 18 Fletcher’s Cyclopedia, Corporations [Perm, ed.], §§ 8710, 8713 et seq.; Scott, Jurisdiction Over Nonresidents Doing Business Within a State, 32 Harv. L. Rev. 871, 883 [1919]; Ann: Doctrine of Pennoyer v. Neff, 2 L. Ed. 2d 1664, 1668 et seq.). This means that not only does the Federal court examine into the activity of the foreign corporation but also into the nature and facts surrounding the particular cause of action. This development has not been formalized by the courts of our State, and, of course, New York courts do not necessarily accept a new ruling laid down by Federal courts (Schwartz v. Breakers Hotel Corp., supra); and Federal courts ‘ ‘ hesitate to say that the New York courts will occupy the new enclave, now opened to them by International Shoe Co. v. Washington ’ ’. (Bomze v. Nardis Sportswear, 165 F. 2d 33, 36 [C. C. A. 2d, Learned Hand, J.].)
The 1 ‘ minimum contact rule ’ ’ recognizes reality. Its application to this action for goods sold and delivered upon a purchase made in New York from a New York manufacturer in accordance with Neusteter’s long-standing regular procedures in New York, justifies the requirement that Neusteter defend an action instituted here by the local manufacturer on that local purchase. To hold otherwise would confer on Neusteter an immunity and escape from local process despite continuing local conduct and practice.
The particular character of this suit, together with the review of the activities of Neusteter in New York convinces me that it is entirely fair, proper and reasonable for Neusteter to defend here.
But, even if the ‘1 minimum contacts ’ ’ rule were not deemed to be the rule to be applied here (Martino v. Golden Gift, 4 A D 2d 694 [2d Dept.]), nevertheless, I am constrained to hold that there are sufficient distinguishing facts as would take this case out of the class of Greenberg v. Lamson Bros Co. (supra) and of Rosenberg Co. v. Curtis Brown Co. (supra) and place it under the doctrine laid down in Sterling Novelty (supra).
That being so, I find that this court has jurisdiction over this defendant.
I must now turn to the question of nonservice. This question was not seriously litigated by either party at the hearing, both parties resting their respective positions upon the principal question of jurisdiction over Neusteter.
In the light of all the testimony, I am of the view that service of the summons on W. Murphy, the controller and office manager, at 1441 Broadway, was sufficient.
*734 The traverse of the defendant is dismissed and the defendant shall serve its answer within seven days after service of a copy of the order filed herein, with notice of entry.