Saul S. Streit, J.
This is a motion to confirm and a cross motion to disaffirm the Referee’s report.
The plaintiff, a resident buyer, is suing the Indiana Fur Company, one of the defendants, a nonresident corporation, for services rendered. The defendant’s president was personally served in New York City and it thereafter moved to set aside the service on the ground that the corporation is a foreign corporation not engaged in doing business in New York. The question as to whether the defendant was carrying on a regular, continuous and systematic business in this State was referred to an Official Referee to hear and report.
A reading of all the papers submitted and of the record before the Official Referee discloses that the only business done by the defendant in this State was through the plaintiff, who purchased cloth coats and suits, and another resident buyer who purchased furs. This was supplemented by a buyer or an officer *90 of the defendant who came to New York several times a year to make purchases.
The facts as disclosed indicate that the plaintiff was a resident buyer who for 8 years represented the defendant. During the same period she represented 18 other retail stores. It clearly appears that the plaintiff was not the exclusive employee of the defendant, as she alleges. She maintained her own office and had her own employees. The activities which she carried on were those of a typical resident buying office. The appearance of the defendant’s name in connection with the activities carried on by the plaintiff on the defendant’s behalf was only incidental to those activities carried on by a buying office and does not thereby put the defendant in a position of doing business in this State.
As stated in Greenberg v. Lamson Bros. Co. (273 App. Div. 57, 60, 61): “ The facilities offered its clients, although they constitute Syndicate-Alliance’s business in this State, do not however bring their clients’ business into the State.” * * *
“ The law is clear that purchases in New York by a foreign corporation of a large part of the merchandise to be sold at its place of business outside the State, even if systematic and made upon visits occurring at regular intervals do not warrant a holding that the corporation was present within the jurisdiction of this State. (Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U. S. 516.) ”
The defendant, who maintained stores in Indiana, cannot be held to be doing business in this jurisdiction where it solicits no orders in this State for the sale of its merchandise and where practically all that it does here is to buy merchandise, utilizing the facilities of resident buyers (Pollak v. Western Dept. Stores, 136 N. Y. S. 2d 393).
The motion to confirm is denied and the cross motion is granted. Service of the summons is set aside.
Settle order.