**Loomis J. GROSSMAN, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 86 Civ. 9550 (RLC).**

United States District Court,
S.D. New York.

March 1, 1988.

---

Herrick, Feinstein, New York City (Stephen M. Rathkopf, of counsel), for plaintiff.

Lehman & Gikow, P.C., New York City (David H. Gikow, of counsel), J. Scott Melton, Bentonville, Ark., for defendant.

## OPINION

ROBERT L. CARTER, District Judge:

In this diversity action arising out of an alleged breach of lease, defendant Wal–Mart Stores, Inc., lessee's assignee, moves to dismiss the complaint for lack of personal jurisdiction. Rule 12(b)(2), F.R.Civ.P. In the alternative, defendant moves to transfer the case to the Eastern District of Tennessee, the situs of the demised property. 28 U.S.C. §§ 1404(a).

Plaintiff resides in New York. Defendant, a Delaware corporation with its principal place of business in Bentonville, Arkansas, operates discount department stores in various states, among them the store located in plaintiff's Elizabethton, Tennessee, shopping center. Seay Aff't, ¶ 2. Defendant has no stores in New York, nor does it solicit or consummate any sales here. *Id.*, ¶ 13. Rather, defendant's sole activities in New York relate to its purchases of goods in New York for resale elsewhere. In connection with such purchasing activities, defendant periodically sends employees into New York. Defendant's Response to Plaintiff's First Set of Interrogatories, Ex. A. Defendant has no New York-based employees, however, and all of its purchase orders are issued from its Arkansas office. Seay Aff't, ¶ 14; Depo. of Maisel, at 120.

Defendant has retained the services of Atlas Buying Corporation ("Atlas"), a "resident buyer" in New York that provides it with information on local market conditions. Atlas provides similar consulting services to about a hundred other out-of-state retailers. Depo. of Maisel, at 25. Another service that Atlas provides, through its ABC Distributing division, to defendant, is "purchasing," apparently a term of art in this context. On receiving an "open order" (e.g., a request for a particular quantity of dresses of an unspecified style), an Atlas buyer goes into the market and places orders for merchandise of his own selection. *See, e.g.,* Depo. of Maisel, Ex. 12A. He then forwards to defendant in Arkansas a description and photograph of the merchandise, together with a statement of the terms. *Id.,* Ex. 12B. Upon receipt, defendant either issues its own purchase order to confirm the transaction, paying the vendor directly, *id.,* at 120 & Ex. 12G, or else cancels the transaction. *Id.* at 166. The only goods that Atlas has ever "purchased" for defendant have been dresses.

In addition to providing consulting and "purchasing" services, Atlas subleases some of its office space to defendant for the use of defendant's employees when they come to New York. Grossman Aff't, Ex. B, C, D. Defendant does not have its own telephone number, but rather has an extension on Atlas's telephone line allocated to its use. Depo. of Maisel, at 100–101. Nor is defendant's name listed on the building directory. *Id.,* at 105.

■ To survive this motion to dismiss, it is plaintiff's burden to make a *prima facie* showing of jurisdiction. *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981); *Grove Valve & Regulator Co., Inc. v. Iranian Oil Services Ltd.,* 87 F.R. D. 93, 96 (S.D.N.Y.1980) (Weinfeld, J.). Plaintiff, while conceding the absence of long-arm jurisdiction pursuant to N.Y.Civ. Pract.L. § 302, contends that defendant is amenable to suit here under § 301, which confers jurisdiction over foreign corporations "doing business" in the state. *Laufer v. Ostrow,* 55 N.Y.2d 305, 307–308, 449

N.Y.S.2d 456, 457, 434 N.E.2d 692, 693 (1982). Jurisdiction on this basis envisions a corporate presence, "not occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917) (Cardozo, J.).

▪ It is well settled that "solicitation of business alone will not justify a finding of corporate presence." *Laufer*, 55 N.Y.2d at 310, 449 N.Y.S.2d at 459, 434 N.E.2d at 694. This rule applies equally whether the solicitation is to purchase or to sell. *Sterling Novelty Corp. v. Frank & Hirsch Distributing Co.*, 299 N.Y. 208, 211, 86 N.E.2d 564 (1949). Indeed,

> [t]he law is clear that purchases in New York by a foreign corporation of a large part of the merchandise to be sold at its place of business outside the state, even if systematic and made upon visits occurring at regular intervals[,] do not warrant a holding that the corporation was present within the jurisdiction of this state.

*Greenberg v. Lamson Bros. Co.*, 273 App. Div. 57, 75 N.Y.S.2d 233, 236 (1st Dep't 1947) (citing *Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372 (1923)); *Kohl v. Indiana Fur Co.*, 20 Misc.2d 89, 192 N.Y.S.2d 12, 13–14 (Sup.Ct.N.Y.Cty.1959).

While "mere solicitation" is not enough, "activities of substance in addition to solicitation" will tip the scales in favor of jurisdiction. *Laufer*, 55 N.Y.2d at 310, 449 N.Y.S.2d at 459, 434 N.E.2d at 695. Thus, foreign corporations soliciting purchases in New York have been held to be "doing business" here where other affiliating circumstances were present. *E.g.*, *Ciprari v. Servicos Aereos Cruzeiro do Sul, S.A.*, 232 F.Supp. 433, 435–37 (S.D.N.Y.1964) (Edelstein, J.) (New York purchasing office staffed by two full-time employees who issued purchase orders and paid suppliers by checks drawn on New York bank account); *Meinhard, Greeff & Co. v. Higginbotham–Bailey–Logan Co.*, 262 App.Div. 122, 28 N.Y.S.2d 483 (1st Dep't 1941) (New York purchasing office employing three buyers and a stenographer; sup-pliers paid directly from Dallas office); *Mitchel Schneider Co. v. Gamble–Skogmo, Inc.*, 84 N.Y.S.2d 21 (Sup.Ct.N.Y.Cty.1948) (New York office employing three buyers, one assistant buyer and support staff, listed in building directory and telephone directory; New York bank account); *Sterling Novelty Corp. v. Frank & Hirsch Distributing, supra* (New York buying agent was the American office of a South African partnership founded by defendant's two majority directors and stockholders); *Kimberly Knitwear, Inc. v. Mid–West Pool Car Association*, 21 Misc.2d 730, 191 N.Y.S.2d 347 (Munic.Ct.1959) (corporation was part-owner of New York buying office).

▪ Defendant's subleasing of office space from its resident buyer does not constitute the necessary "activity of substance" beyond mere solicitation. Defendant's two rooms within Atlas's suite are used for the convenience of its employees during their frequent visits to New York. When none of defendant's employees is in town, the rooms are unstaffed. Depo. of Maisel, at 97. Such an arrangement "is insufficient to show that at the time of the service of the summons the defendant had any established office in this state." *Samuel Hoffman, Inc. v. Mode Shoppe, Inc.*, 138 Misc. 742, 247 N.Y.S. 266 (App.Term 1st Dep't 1930); *accord Greenberg*, 273 App.Div. at 59, 75 N.Y.S.2d at 235. *Cf. Blond v. Bernard Land and Sons, Inc.*, 145 N.Y.S.2d 234, 235 (Sup.Ct.Bronx Cty. 1955) (corporation maintained permanent New York office and listed it on its letterhead).

▪ Nor does defendant's reliance upon Atlas for certain of defendant's purchasing needs suffice to subject it to trial in this jurisdiction. The "purchasing" service that Atlas provides has long been recognized as one of the "elements entering into the relationship between a department store located in another state and a 'resident buyer' located in New York performing its services for many out of town clients." *Greenberg*, 273 App.Div. at 60, 75 N.Y.S.2d at 235. As in *Greenberg*, "all purchases of merchandise [by the resident buyer] for the

account of defendant are confirmed at [defendant's home] office." *Id.*

While plaintiff attempts to bring this case within the rule of *Sterling Novelty, supra,* the dispositive factor in that case was defendant's relationship with an *exclusive* New York buying agent. 299 N.Y. at 212, 86 N.E.2d 564; *see also Pollak v. Western Department Stores,* 136 N.Y.S.2d 393, 395 (Sup.Ct.N.Y.Cty.1954). The *Sterling Novelty* court was at pains to distinguish the "case in which the foreign corporation's only ties with this State were through an independent resident buyer who acted for many other purchasers at the same time." *Id.* (citing *Greenberg, supra*). Plaintiff's citation of *Fleischmann Const. Co. v. Blauner's,* 190 App.Div. 95, 179 N.Y.S. 193 (1st Dep't 1919), is equally unavailing. *Fleischmann* has not been good law for well over half a century. *Samuel Hoffman, Inc., supra,* 138 Misc. at 742–43, 247 N.Y.S. at 267. *But see Ciprari,* 232 F.Supp. at 438–39 (citing *Fleischmann* for proposition that not only selling, but also buying, may amount to "doing business").

In sum, plaintiff has not shown *prima facie* any grounds for distinguishing this case from *Greenberg, supra.* The Appellate Division in that case was not swayed by the fact that the defendant there sent "a rather large staff of its buyers to New York from time to time," where they bought (in 1947 dollars) "several million dollars worth of goods a year." 75 N.Y. S.2d at 234. Nor was it sufficient there that the defendant retained a resident buyer, who provided it with market information and made purchases for its account; nor again that defendant made transient use of its buyer's offices as its local headquarters. *Id.* at 235. In *Greenberg,* as in the case at bar, the resident buyer was not defendant's exclusive agent, and defendant maintained no full-time office or staff in New York. The court finds no basis upon which it may assert jurisdiction over Wal–Mart.

 Nonetheless, in the interest of justice, the court is empowered to transfer a case to another district despite its inability to obtain personal jurisdiction over the defendant. *Torres v. Torres,* 603 F.Supp. 440, 442 (E.D.N.Y.1985). *Cf. Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465–66, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962) (analogous result under 28 U.S.C. § 1406(a)). Defendant's motion for transfer to the Eastern District of Tennessee is treated as a waiver of any objections it may have to the propriety of jurisdiction or venue. Transfer is proper, moreover, in that this litigation's only connection with New York is plaintiff's residence here.

Accordingly, the Clerk of the Court is ORDERED to transfer this case to the United States District Court for the Eastern District of Tennessee, Northeastern Division (Greeneville).

IT IS SO ORDERED.